## United States *v.* Krum, Adm'r, and others.*

*(Circuit Court, E. D. Missouri.* March 13, 1882.)

1. Internal Revenue Law — Collector — Paying Money under Decree of Court.

   Where a decree of forfeiture is rendered in a suit for a breach of the internal revenue law, and the defendant, pursuant to a compromise with the government, pays a sum of money into court, and A. and B. are adjudged entitled to a portion of the fund paid as informers, and the court makes a final order of distribution, and issues checks to C., collector of internal revenue of the district, and no appeal is taken, and C. pays A. and B. the amounts to which they have been held entitled, he cannot be held liable on his official bond for the amounts so paid, whether the informers are legally entitled thereto or not.

2. Same — Informer.

   Where money is paid into court under circumstances like those above stated, the right of the informers to their proportion of the sum paid is not affected by the fact that a part of such sum is designated to cover taxes.

*William A. Bliss,* for the United States.

*William Patrick,* for defendants.

Treat, D. J. This is a suit on the official bond of the late Charles W. Ford, formerly collector of internal revenue, to recover three several sums of money alleged to have been received by him, and to be due to the United States.

It appears that three several suits *in rem* were instituted by the United States, in the United States district court, for the forfeiture of certain distilled spirits, and such proceedings therein had as

*Reported by B. F. Rex, Esq., of the St. Louis bar.

resulted in decrees of forfeiture. Pursuant to the terms of compromise, the sum of money required was paid into the registry of the court. In two of the cases the court had adjudged Able and Hunter, respectively, to be informers, and consequently entitled, under the law and regulations then existing, to portions of the proceeds recovered. Final orders of distribution were made, and checks issued to the collector accordingly. He paid to the informers their respective shares, under the circumstances stated, and the sums by him so paid are two of those now sued for.

At a term of the district court subsequent to that in which it had finally disposed of those cases, application was made by the collector, at the instance of the commissioner, for leave to pay back into the registry the sums received, with a view to securing different or modified decrees. The court held that it could not thus change the final decrees entered of a former term.

It seems that the sum fixed upon for compromise was based partly on penalties and partly on taxes due; and therefore the commissioner was of opinion that the informers should receive nothing from that part of the gross sum paid, which was designed to cover taxes. The court, in its action, treated the fund in the registry as so much recovered from the forfeitures named. The suits were not for taxes, and what might or might not have induced the compromise could not alter the law or the statutes, of the cases. The money was paid in those suits, and must be distributed as the law in such cases required. As had been well settled, the informers could not be deprived of their portions of the proceeds.

This suit is based, not only on a different theory, but also on the hypothesis that those final decrees made in 1870, of the district court, furnish no protection to the collector who acted under them. This court holds otherwise. The decrees of the district court were subject to review by the appellate court; but no action therefor was ever had. Hence there can be no recovery by the United States for the sums so paid to the informers.

As to the third sum in dispute there is no valid defence, to-wit, $2,710.80; but it is entitled to a credit of $582.44.

Judgment, therefore, will be for $2,127.36, with interest at the rate of 6 per cent. per year from the date of the demand on the administrator, to-wit, December 13, 1878.